## STATE *v.* PAIGE.

*Nuisance. Intoxicating Liquor. Acts of* 1876, *No.* 33.

On trial on complaint under No. 33, Acts of 1876, for maintaining a nuisance in the keeping of a place of public resort for the unlawful sale of intoxicating drink, it appeared that the place in question, when searched, contained small quantities of different kinds of spirituous liquor, decanters, glasses, &c., and had the appearance and the usual appliances of a bar-room; and the court found that the liquor was "kept for sale contrary to law;" but it did not appear that the place was then "used as a place of public resort." *Held,* that it was not to be implied that the place was a place of public resort, but that that fact should have been proved.

COMPLAINT under No. 33, Acts of 1876, for maintaining a nuisance in the keeping of a place used as a place of public resort, in which intoxicating liquor was kept for unlawful sale. The complaint was brought to the City Court of Burlington, June 21, 1877. Plea, not guilty, and trial by the court, TYLER, J.

A witness was introduced by the prosecution who testified, in substance, as follows :

The American Hotel is in the City of Burlington, and is kept by respondent. On May 19, 1877, I made service there of a search warrant issued under s. 22, c. 94, of the Gen. Sts., and found behind the bar in

State *v.* Paige.

the bar-room — a room adjoining the billiard room — a bottle containing gin, a pint bottle nearly full of wine, two pint bottles nearly full of whiskey, and a pint bottle nearly full of cider brandy. I also found in the same room a counter, glasses of various sizes, empty, unlabelled cutglass bottles, a pitcher, cigars, pictures, &c. This room was small, and there was no appearance of it being used for any thing but a bar-room. I found a lead pipe in the cellar running from above the floor of said room down into the cellar, but connected with nothing there, and appearing to have been recently attached. In the upper end of the pipe was a faucet. When I first went to the door of the room, it was locked, but the respondent soon came, and without hesitation unlocked the door and let me in. I found no one in the room but a boy — an employe in the hotel, — who seemed to be doing something, but I don't know what.

There was no other testimony in the case. The court found that said liquors were kept for sale contrary to law ; adjudged that the case came within the provisions of the act of 1876 ; adjudged said bar-room to be a common nuisance, and ordered it abated ; adjudged the respondent guilty of keeping said nuisance, and sentenced him to pay a fine of $30, and $11.48 costs. Exceptions by the respondent.

*E. R. Hard*, for the respondent.

To warrant a conviction under the act of 1876, it must appear that the place alleged to be a nuisance is " used as a place of *public resort.*" Acts 1876, No. 33, ss. 1, 2, 3, 5.

*State's Attorney*, for the State.

The evident intent of the act was to declare every place specifically mentioned, a place of public resort, *per se,* and a common nuisance. The term, *public resort,* was intended to refer only to places other than those specifically mentioned. Acts of 1876, No. 33.

There was, therefore, no necessity to prove that the bar-room was a place of public resort. *Commonwealth* v. *Intox. Liquor*, 116 Mass. 27.

The opinion of the court was delivered by

REDFIELD, J. The respondent was complained of before the City Court, and convicted, and fined for keeping a nuisance, under the act of the Legislature of 1876.

The sheriff, with a search-warrant, found a room in the basement of the American Hotel in the city of Burlington, which had all the appearance and appliances of a *bar-room*—small quantities of different kinds of spirituous liquors, decanters, glasses, &c. The court found that " the intoxicating liquors specified as found in said room were kept for sale contrary to law."

The Act of 1876 in the first section, provides that " every saloon, restaurant, grocery, cellar," &c., " and every drinking-place or room *used as a place of public resort*, where * * * intoxicating drink is unlawfully sold, furnished, or given away," or kept for that purpose, " shall be held and regarded as a common nuisance, kept in violation of law."

It is not found that this bar-room was " *used* (at the time) as a place of public resort;" and the attorney for the State claims that as this place is proved to be a bar-room, and one of the places specifically named in the statute, it is not necessary to go further in the proof. We think the 2d, 3d, and 5th secs. of this statute, render it quite certain that none of these places are declared " common nuisances," unless they are, at the time, " used as places of public resort." The 2d sec. declares that if on trial, " it shall be proved that intoxicating drink is kept for unlawful sale * * * in any such place of public resort as is named in the preceding sections, the court * * * shall adjudge such place to be a *common nuisance.*" It is said that " saloon, restaurant, grocery," &c., imply that they are places of " public resort." But the terms " cellar " and " shop " are used in the same category, and there is no more implication that such are used as places of public resort for drinking purposes, than an office or a dwelling-house. But the 3d sec., which declares the penalty for offence, is more specific. " Whenever any person is duly convicted of keeping and maintaining any such place or room, used as a place of public resort, * * * he shall be adjudged * * * guilty of keeping and maintaining a common nuisance." The very essence of the crime for which the penalty is incurred is, the *keeping* and *maintaining* of a place or room " *used as a place of public resort* " for drinking, &c. And the 5th sec., which gives the form of complaint, defines the offence to be, that the accused " did unlawfully

keep and maintain a certain place or room *used as a place of public resort*," called and known as a " grocery, cellar, saloon, or otherwise," so no penalty under this statute is incurred, and no authority is given to shut up a room as a common nuisance, unless such room " is kept and maintained " at the time " as a place of public resort" for this unlawful purpose.

The result is that the respondent's exceptions are sustained, and the conviction set aside.